GRAVES, Circuit Judge,
concurring:
I agree with the majority that the district court’s grant of summary judgment should be affirmed because Bank of America did not waive its right to foreclose and made no actionable misrepresentations. I *1028-1044 write separately to clarify my view with respect to whether misrepresentations made during a loan renegotiation may be actionable under Section 392.304(a)(19) of the Texas Debt Collection Act.
■ The majority holds that the alleged misrepresentations on which the Thompsons rely are not actionable under Section 392.304(a)(19) because they were made in connection with the renegotiation of a loan rather than the collection of a debt. I agree. Section 392.304(a)(19)’s catchall language prohibits the use of “any other false representation or deceptive means,” not already delineated in the statute, “to collect a debt or obtain information concerning a consumer.” Section 392.001(a)(5), in turn, defines “debt collection” as “an action, conduct, or practice in collecting, or in soliciting for collection, consumer debts that are due or alleged to be due a creditor.” Therefore, as this court held in Singha v. BAC Home Loans Serv., L.P., 564 Fed.Appx. 65, 70-71 (5th Cir.2014), an unpublished opinion on which the majority relies, misrepresentations that are made solely in connection with a loan renegotiation are not, in and of themselves, debt collection activities under the Texas Debt Collection Act. Singha, however, did “not announce a rule that modification discussions may never be debt collections activities,” id. at 71, and in my view, there may be circumstances in which misrepresentations made during such discussions are actionable. Because I do not read the majority opinion as holding otherwise, however, I concur.